# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist DAVID G. MICHAELS**
**United States Army, Appellant**

ARMY 20110288

Headquarters, III Corps and Fort Hood
Jacqueline L. Emanuel, Military Judge
Colonel Phillip N. Foster, Staff Judge Advocate

For Appellant: Frank J. Spinner, Esquire (argued); Captain J. Fred Ingram, JA; Frank J. Spinner, Esquire (on brief)

For Appellee: Captain Carl L. Moore, JA (argued); Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Steve T. Nam, JA (on brief)

22 May 2014

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of failure to obey a lawful order, two specifications of aggravated sexual assault of a child, abusive sexual contact with a child, and obstructing justice, in violation of Articles 92, 120, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 920, 934) (2006 & Supp. II 2009), *amended by* 10 U.S.C. § 920 (2012) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for eleven years, and reduction to E-1.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises four assignments of error and personally submits matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Only one assignment of error warrants discussion and relief. In particular, appellant argues, and the government concedes, that appellant's conviction for obstructing justice should be set aside

pursuant to *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012). We agree. The specification at issue did not allege the terminal element, and there is nothing in the record to satisfactorily establish notice of the need to defend against the terminal element as required under *Humphries*.

## CONCLUSION

Upon consideration of the entire record, the parties' briefs, the matters submitted pursuant to *Grostefon*, and oral argument, the findings of guilty of Charge III and its Specification are set aside. Charge III and its Specification are dismissed. The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of the circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winkelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

First, appellant was tried and sentenced by a military judge alone. Second, although we have set aside a conviction for obstructing justice, appellant remains convicted of the gravamen of his misconduct, that is, sexual misconduct involving two step-daughters. Finally, based on our experience, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial. Accordingly, we affirm so much of the sentence as extends to a dishonorable discharge, 129 months of confinement, and reduction to E-1. We find this reassessed sentence purges any error and is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by this decision, are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court